# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **HEIDI ROBY**<br>113 South Martin<br>Forest, Ohio 45843,<br><br>and<br><br>**ROCKY M. CREMEANS, II**<br>424 Maple Street<br>Marietta, Ohio 45750,<br><br>and<br><br>**ANTHONY FRAME**<br>623 E. 3rd Street<br>Dover, Ohio 44622,<br><br>and<br><br>**KELLEY KREMER**<br>511 Elizabeth Avenue, SW<br>Massillon, Ohio 44646,<br><br>and<br><br>**AMANDA M. LUCCHESI**<br>1700 Edwards Avenue, NE<br>Canton, Ohio 44705,<br><br>and<br><br>**AUSTIN LUTE**<br>240 North Milldorne Road<br>Orville, Ohio 44667,<br><br>and | Case No.<br><br>Judge<br><br>**INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT FOR NON-PAYMENT OF WAGES; CLASS ACTION COMPLAINT FOR VIOLATION OF O.R.C. §4111.03**<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>Tod J Thompson<br>810 Sycamore Street<br>Cincinnati, Ohio 45202<br>(513)332-4348 – Telephone<br>(513)263-9001<br>tod@thompsonlaw.com<br>Counsel for Plaintiff<br><br>Joseph F. Albrechta (0008478)<br>John A. Coble (0016445)<br>ALBRECHTA & COBLE, Ltd.<br>2228 Hayes Avenue, Suite A<br>Fremont, Ohio 43420<br>(419)332-9999 – Telephone<br>(419)333-8147 – Facsimile<br>jcoble@lawyer-ac.com<br><br>Eleni Albrechta<br>David Albrechta<br>ALBRECTA & ALBRECTA, LLC<br>530 Main Avenue, Suite D-3<br>Durango, CO 81301<br>(970)442-3288 – Telephone<br>eleni@albrechtalaw.com<br><br>Co-Counsel for Plaintiff |

1

**TROY D. MAGRINI, JR.**
4424 South Avenue
Boardman, Ohio 44512,

and

**LYLE VALENTICH**
701 Summit Avenue, Apt. 103
Niles, Ohio 44446,

and

**DESMOND WALLACE**
5 Sherry Drive, Apt. D
Burlington, North Carolina 27215,

and

**JOHN L. WILLIAMS**
5590 N. Blackburn Road, NE
McConnelsville, Ohio 43756,

       Plaintiffs,

   **vs.**

**ELITE SECURITY CONSULTANTS LLC,**
By and Through its Statutory Agent
Timothy Boyle
207 Carrollsdale Ave. NE
Canton, Ohio 44704,

and

**TIMOTHY BOYLE**
207 Carrollsdale Ave. NE
Canton, Ohio 44704,

and

**THE LEAD GRAVEYARD LLC**
1340 Market Ave. North, Suite #2
Canton, Ohio 44714,

and

**LISA HENDERSCHOTT**
HR Director, may be "Supervisory"
Address Unknown,

and

**SHERYN BRUEHL**
may be "Supervisory"
Address Unknown,

and

**JOHN DOE INDIVIDUAL**
Name and Address Unknown,

and

**JOHN DOE CORPORATION**
Name and Address Unknown,

        Defendants.

Now come the plaintiffs, on behalf of themselves and all others similarly situated hereinafter described, by and through counsel, and they bring this action against defendants for damages and relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and Ohio Revised Code § 4111.03, and hereby state the following:

**NATURE OF COLLECTIVE ACTION AND CLASS ACTION**

1. This is a collective action under the FLSA and class action under R.C. 4111.03, instituted by the plaintiffs as a result of defendants' practice of not paying its employees, including the plaintiffs, for all hours worked, in violation of federal and state wage and hour laws.

2. Pursuant to 29 U.S.C. § 216(b) for claims under FLSA and Rule 23 F. R. Civ. P. for claims under Ohio law, plaintiffs bring this action on their own behalf, and on behalf of all other

persons similarly situated who have been, are being, or will be adversely affected by the defendants' unlawful conduct.

3. This is a collective action under the FLSA for: (a) back overtime pay; (b) liquidated damages; (c) injunctive and affirmative relief, requiring that defendants designate "opt-in" plaintiffs who are still currently employed by defendant Elite Security Consultants LLC as "non-exempt" for purposes of federal wages and hour laws; (d) punitive damages and compensatory damages; (e) attorney fees; and (f) such other relief as my be appropriate.

4. The "class" which plaintiffs seek to represent and for whom plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and plaintiffs seek to represent for purposes of the class action, and of which the plaintiffs themselves are members, is composed of and defined as follows:

> All persons currently or formerly employed by defendant Elite Security Consultants LLC at any time within the past three years who were not paid for overtime work.

5. Plaintiffs are unable to state at this time the exact size of the potential class but, upon information and belief, avers that it exceeds forty (40) persons; written consents will be filed as additional opt-in plaintiffs elect to join the class under the FLSA.

6. As set forth herein, this collective action meets the requirements for being maintained and prosecuted as a collective action in that plaintiffs and opt-in plaintiffs are all similarly situated.

7. Plaintiffs will fairly and adequately represent and protect the interests of the members of the class. The interests of the representatives and the interests of all class members are aligned. Plaintiffs are attempting to benefit all class members. Plaintiffs share the same interests as each class member – full and fair compensation for damages resulting from defendants' misconduct. The fact that plaintiffs' claims are typical of the claims of the

class ensures that the plaintiffs will preserve the interest of all class members. Plaintiffs do not have any interest that competes with the interests of other class members because, by pursuing their own interests, plaintiffs advance the interests of the entire class. There are no potential conflicts of interest between the proposed class representatives and the members of the class. The claims of all parties arise from a similar fact pattern and are based upon identical theories of law.

8. Plaintiffs' claims focus entirely on defendants' wrongful conduct and thus are typical of the claims of the class. Plaintiffs assert claims involving specific actions taken by defendants affecting the entire class. Consequently, plaintiffs meet the typicality requirement because their claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theories.

9. Plaintiffs' counsel are experienced class action attorneys who will represent the plaintiffs and the putative class competently.

## JURISDICTION AND VENUE

10. This is a "collective" action authorized by and instituted under the FLSA, which is federal law. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331.

11. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*.

12. Plaintiffs were employed in this District and a substantial amount of the conduct giving rise to plaintiffs' claims occurred within this District. Thus, venue properly lies within the

United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. §1391(c).

**PARTIES**

13. Plaintiffs restate and reallege paragraphs one (1) through twelve (12).

14. Defendant Elite Security Consultants LLC ("Elite") is a security company that provides security guard services to its customers. It is licensed to do business in the state of Ohio.

15. Defendant Elite is, and at all times material to this action, was, an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. Defendant Elite is, and at all times material to this action was, an enterprise engaged in interstate commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s) and, under FLSA and R.C. 4111.03, an "employer" of the plaintiffs and all members of the plaintiffs' collective.

17. Defendant Elite Security Consultants LLC is, and at all times material to this action was, an "employer" engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. Defendant Timothy Boyle is the owner of Elite and an adult resident of the state of Ohio.

19. Defendant Timothy Boyle is, and at all times material to this action, was, under FLSA and R.C. 4111.03, an "employer" of the plaintiffs and all members of the plaintiffs' class.

20. Defendant Lisa Henderscott is, and at all times material to this action, was, under FLSA and R.C. 4111.03, an "employer" of the plaintiffs and all members of plaintiffs' class.

21. Defendant Sharyn Bruehl is, and at all times material to this action, was, under FLSA and R.C. 4111.03, an "employer" of the plaintiffs and all members of plaintiffs' class.

22. Defendant The Lead Graveyard LLC is a Ohio limited liability company that has a direct connection to Elite through their mutual owner, Timothy Boyle.

23. Defendant John Doe Individual is one or more persons, currently unknown to the plaintiffs, who may be liable under one or more Counts of this Complaint and whose identity and liability can only be found through means of regular discovery processes.

24. Defendant John Doe Corporation is one or more corporate entities, currently unknown to plaintiffs, who may be liable under one or more Counts of this Complaint and whose identity and liability can only be found through means of regular discovery processes.

25. Plaintiff Heidi Roby is an adult resident of the state of Ohio who currently resides in Forest, Ohio. Plaintiff worked for defendants as a Security Guard from on or about September 6, 2017 until January 31, 2018. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from on or about September 6, 2017 through January 31, 2018.

26. Plaintiff Rocky M. Cremeans, II is an adult resident of the state of Ohio who currently resides in Marietta, Ohio. Plaintiff worked for defendants as a Security Guard from September, 2017 until on or about January 3, 2018. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from September, 2017 through January 1, 2018.

27. Plaintiff Anthony Frame is an adult resident of the state of Ohio who currently resides in Dover, Ohio. Plaintiff worked for defendants as a Security Guard from September, 2017 until on or about January 3, 2018. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from September, 2017 through January 1, 2018.

28. Plaintiff Kelley Kremer is an adult resident of the state of Ohio who currently resides in Massillon, Ohio. Plaintiff worked for defendants as a Security Guard from on or about September 15, 2017 until on or about January 8, 2018. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from on or about September 15, 2017 through January 8, 2018.

29. Plaintiff Amanda M. Lucchesi is an adult resident of the state of Ohio who currently resides in Marietta, Ohio. Plaintiff worked for defendants as a Security Guard from on or about August 26, 2017 until on or about January 1, 2018. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from on or about August 26, 2017 through on or about January 1, 2018.

30. Plaintiff Austin Lute is an adult resident of the state of Ohio who currently resides in Orville, Ohio. Plaintiff worked for defendants as a Security Guard from on or about October 24, 2017 until on or about January 5, 2018. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from on or about October 24, 2017 through on or about January 5, 2018.

31. Plaintiff Troy D. Mangrini, Jr. is an adult resident of the state of Ohio who currently resides in Boardman, Ohio. Plaintiff worked for defendants as a Security Guard from on or about October 17, 2017 until on or about December 20, 2017. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from on or about October 17, 2017 until on or about December 20, 2017.

32. Plaintiff Lyle Valentich is an adult resident of the state of Ohio who currently resides in Niles, Ohio. Plaintiff worked for defendants as a Security Guard from on or about September 20, 2017 until on or about January 4, 2018. Plaintiff was an employee within

the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from on or about September 20, 2017 until on or about January 4, 2018.

33. Plaintiff Desmond Wallace is an adult resident of the state of Ohio who currently resides in Burlington, North Carolina. Plaintiff worked for defendants as a Security Guard from September, 2017 on or about November 30, 2017. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from September, 2017 on or about November 30, 2017.

34. Plaintiff John Williams is an adult resident of the state of Ohio who currently resides in McConnelsville, Ohio. Plaintiff worked for defendants as a Security Guard from on or about September 9, 2017 until on or about January 8, 2018. Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), from on or about September 9, 2017 until on or about January 8, 2018.

## COUNT I - OVERTIME VIOLATIONS UNDER FLSA

35. Plaintiffs restate and reallege paragraphs one (1) through thirty-four (34).
36. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek. 29 U.S.C § 207.
37. Defendants suffered and permitted plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.
38. Plaintiffs were hired as employees eligible for overtime and completed a W-2 Form.
39. During the course of their employment, plaintiffs did not receive pay for overtime work.

40. Shortly after plaintiff Roby inquired about the missing overtime pay, plaintiffs were required to complete a 1099 Form in place of the prior W-2 Form in order to remain employed by defendants.

41. Defendants' actions, policies, and practices of not paying for overtime work violate the FLSA's overtime requirement by designating plaintiffs, whose duties indicate they should not be exempt from federal overtime requirements, as exempt, and regularly and repeatedly failing to calculate and compensate plaintiffs at the required overtime rate.

42. The above-described willful and systematic violation of the FLSA complained of by plaintiffs has similarly affected all other members of the collective action so that the claims of such members are common and typical to each other.

43. Defendants knew, or showed reckless disregard for the fact, that it failed to pay plaintiffs overtime compensation in violation of the FLSA.

44. As the direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered a loss of income and other damages. Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

45. By failing to accurately record, report, and preserve records of hours worked by the plaintiffs, defendants failed to make, keep, and preserve records with respect to each plaintiff sufficient to determine his or her wages, hours, and other conditions and practice of employment, in violation of the FLSA.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as defendants knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

## COUNT II. OVERTIME VIOLATIONS UNDER OHIO REVISED CODE §4111.03

47. Plaintiffs restate and reallege Paragraphs one (1) through forty-six (46).

48. R.C. 4111.03 requires employers to pay employees for overtime at a wage rate of one and one-half times the regular wage rate for hours worked in excess of forty (40) hours in one workweek.

49. Defendants suffered and permitted plaintiffs to regularly work more than forty (40) hours in one workweek.

50. Plaintiffs never received overtime pay for working over forty (40) hours in one workweek.

51. The plaintiffs' work duties were not exempt from the overtime pay requirements of R.C. 4111.03.

52. Defendants' actions, policies, and/or practices of not paying for overtime work violate R.C. 4111.03's overtime requirement.

53. Defendants knew, or showed reckless disregard for the fact, that it failed to pay its employees overtime in violation of R.C. 4111.03.

54. As the direct and proximate result of defendants' unlawful conduct, plaintiffs have suffered a loss of income and other damages. Plaintiffs are entitled to liquidated damages, attorneys' fees and costs incurred in connection with this claim.

55. The above-described willful and systematic violation of R.C. 4111.03 complained of by the plaintiffs have similarly affected all other members of the class so that the claims of such members are common and typical to each other.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and all those similarly situated collectively request that this Court grant plaintiffs and the collective and class they represent a permanent injunction enjoining defendants, their agents, successors, employees, and other representatives from engaging in or continuing to engage in any employment acts, policies, practices, or procedures which violate the FLSA and R.C. 4111.03, and instructing defendants to designate plaintiffs and all others similarly situated as "non-exempt," and award against the defendants and in favor of the plaintiffs and the class they represent actual damages for back overtime pay, liquidated damages, penalties, punitive damages and compensatory damages, plus attorneys' fees and all such other relief as may be appropriate;

FURTHER, plaintiffs demand, on their behalf and on behalf of the putative collective and class, judgment in their favor and against defendants Elite Security Consultants LLC and Timothy Boyle as follows:

A. For actual damages for overtime compensation under the FLSA and R.C. 4111.03;

B. For liquidated damages under the FLSA in an amount equal to actual damages;

C. For punitive damages in an appropriate amount;

D. For wages and compensation owed;

E. For attorneys' fees under the FLSA and R.C. 4111.03;

F. Costs;

G. Prejudgment and Postjudgment interest, and,

H. Such other relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Tod J. Thompson
***Tod J. Thompson, Attorney at Law***
810 Sycamore Street
Cincinnati, Ohio 45202
Telephone: (513) 322-4348
E-mail: tod@thompsonlaw.com

***Joseph F. Albrechta, esq.***
***John A. Coble, esq.***
ALBRECHTA & COBLE, LTD.
2228 Hayes Avenue, Suite A
Fremont, Ohio 43420
Telephone: (419) 332-9999
E-mail: jalbrechta@lawyer-ac.com
jcoble@lawyer-ac.com

***Eleni K. Albrechta, esq.***
***David T. Albrechta, esq.***
ALBRECHTA & ALBRECHTA, LLC
530 Main Avenue, Suite D03
Durango, Colorado 81301
Telephone: (970) 422-3288
E-mail: david@albrechtalaw.com
eleni@albrechtalaw.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs request a trial by jury.

/s/ Tod J. Thompson