UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HEIDI ROBY, et al., | ) | CASE NO. 5:19-cv-1631 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ELITE SECURITY CONSULTANTS, LLC, et al., | ) | AND ORDER |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of defendants Elite Security Consultants LLC ("ESC") and Timothy Boyle ("Boyle") (collectively, "defendants")[1] to set aside the clerk's entry of default and for leave to file their answer. (Doc. No. 25 ["Mot."].[2]) Plaintiffs filed a brief in opposition (Doc. No. 27 ["Opp'n"]) and defendants filed a reply (Doc. No. 28 ["Reply"]). For the reasons set forth herein, defendants' motion is granted.

I.  **Background**

On July 17, 2019, plaintiff Heidi Roby and nine others ("plaintiffs") commenced this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), seeking to recover, *inter alia*, back overtime pay. (Doc. No. 1.) On October 22, 2019, the Court issued an order for plaintiffs to show cause by October 30, 2019 why the case should not be dismissed for want of prosecution. (*See* Doc. No. 13.)

---

[1] There are three other named defendants (Lead Graveyard LLC, Lisa Henderschott, and Sheryn Bruehl), as well as two John Doe defendants. Although the same counsel has appeared for the movants as for Lead Graveyard LLC (*see* Doc. Nos. 20–22), the latter has not joined in the motion. No one has yet appeared for Henderschott and Bruehl.

[2] A copy of the proposed answer is attached to the motion. (*See* Doc. No. 25-1.)

On October 23, 2019, without first seeking an entry of default by the Clerk as required by Fed. R. Civ. P. 55(a), plaintiffs filed a motion for default judgment under Rule 55(b).[3] (Doc. No. 14.)[4] The next day, plaintiffs belatedly applied to the clerk for entry of default against defendants ESC and Boyle, attesting by affidavit that they had each been served on September 11, 2019. (*See* Doc. No. 15.) The clerk noted the default of these two defendants on November 4, 2019. (*See* Doc. No. 19.) The docket contains a notation that the entry of default was mailed to ESC and to Boyle on that same day.

On November 15, 2019, an attorney appeared for ESC and Boyle. The instant motion to set aside the default was filed on November 19, 2019. Having been fully briefed, it is ripe for determination.

**II.    Discussion**

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The rule distinguishes between an *entry* of default and a *judgment* of default.

To set aside an *entry* of default, there must only be "good cause." Three equitable factors are considered in determining whether good cause has been shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006)[5] (*quoting Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)

---

[3] In a separate response filed on October 30, 2019, plaintiffs explained their service activities and asked for an extension of time to serve two of the other defendants. (*See* Doc. Nos. 17, 18).

[4] The instant motion also includes defendants' opposition to plaintiffs' motion for default judgment. Given the decision to set aside the entry of default, plaintiffs' motion for default judgment (Doc. No. 14) is **denied** as moot.

[5] *Cert. denied*, 549 U.S. 913, 127 S. Ct. 255, 166 L. Ed. 2d 199; *reh'g denied*, 549 U.S. 1103, 127 S. Ct. 849, 166 L. Ed. 2d 678 (2006).

(further citation omitted)). Balancing the three equitable factors is required and, in "consider[ing] the first factor, defendant's culpability, [the court does so] in the general context of determining whether a petitioner is deserving of equitable relief." *Waifersong*, 976 F.2d at 292. "When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard." *Id.*[6]

Defendants here seek equitable relief under Rule 55 from the entry of default against each of them, as well as leave under Fed. R. Civ. P. 6 to file untimely responses to plaintiffs' complaint. (Mot. at 107–09.) Although Boyle now acknowledges that service was signed for on September 11, 2019 by a former employee, he attests in a sworn affidavit that the employee, who left the company on September 20, 2019, never provided him with copies of the summonses and complaint or told him about the lawsuit. (Doc. No. 25-2, Affidavit of Timothy Boyle ["Boyle Aff."], ¶¶ 4–5.)[7] Boyle claims he only learned of the lawsuit when he received the entry of default by regular mail, at which time he diligently sought the services of an attorney. Plaintiffs do not refute this with any sworn testimony or evidence in opposition;[8] therefore, the Court takes Boyle's attestation as true for purposes of this motion.

---

[6] This is in contrast to a request to set aside a default *judgment*. Although the factors are the same, there is no balancing. Rule 60(b)(1) "mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect." *Waifersong*, 976 F.2d at 292. "It is only when the defendant can carry this burden that he will be permitted to demonstrate that he can also satisfy the other two factors[.]" *Id.*

[7] Service is reflected in the record by signed certified mail receipts, although they also show an incorrect address—with a street designation of Market Avenue South, rather than the correct "North" designation. (*See* Doc. Nos. 8, 9; Boyle Aff. ¶ 3.)

[8] Plaintiffs argue in opposition that both forms of relief sought by defendants require that ESC and Boyle have "clean hands." (Opp'n at 124.) Plaintiffs appear to be advancing the argument that it is disingenuous for Boyle to claim his first knowledge of the lawsuit was his receipt of the mailed entry of default from the clerk because Boyle was allegedly served as the statutory agent of another defendant (Lead Graveyard LLC). Plaintiffs seem to be suggesting this constitutes some sort of culpable conduct on Boyle's part. But service on Lead Graveyard (and/or Boyle as its statutory agent) is not a substitute for proper service on ESC (or on Boyle as ESC's statutory agent) or, for that matter, on Boyle in his personal capacity. A defendant has no duty to voluntarily step up and *seek out* service of process. The duty is on the plaintiff to perfect service and, failing that, a defendant is not required to respond to an unserved summons and

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. Wm. Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Plaintiffs do not allege that this standard was met or that Boyle himself was somehow responsible for the signing employee's failure to report service of the lawsuit to him. Therefore, this Court finds no culpable conduct on the part of ESC and/or Boyle.

The second element to be considered is prejudice to the plaintiffs if the default is set aside. "[D]elay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citations omitted). "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990) (citing *INVST Fin. Grp.*, 815 F.2d at 398). Plaintiffs do not argue that they will be prejudiced in any way, and the Court perceives no prejudice. This case was filed barely five (5) months ago and no defendant has yet filed a responsive pleading.

Finally, the Court considers the third element—meritorious defense. "In determining whether a defaulted defendant has a meritorious defense, likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co. v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983) (internal citations and quotation marks omitted). Here, the proposed answer lists several

---

complaint. Moreover, without proper service, this Court has no personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). If service was not proper, entry of default must be set aside. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 354 (6th Cir. 2003) (citation omitted).

affirmative defenses, including certain statutory bars and exemptions, which meet this standard of a "meritorious defense."

**III.  Conclusion**

The Sixth Circuit favors addressing claims "on the merits" and "[a]ny doubt should be resolved in favor of the petition to set aside[.]" *United Coin*, 705 F.2d at 846 (citation and quotation marks omitted).

Defendants Elite Security Consultants LLC and Timothy Boyle have shown good cause for setting aside the clerk's entry of default against them. Therefore, the motion to set aside (Doc. No. 25) is granted and the default entered on November 4, 2019 (Doc. No. 19) is hereby set aside. Further, plaintiffs' motion for default judgment (Doc. No. 14) is denied.

Defendants Elite Security Consultants LLC and Timothy Boyle are directed to separately file, on or before January 6, 2020, the answer that was attached to the motion to set aside.

**IT IS SO ORDERED**.

Dated: December 27, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**